In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-518 CR


____________________



ARTHELIA JUANIECE BURCH, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 258th District Court


Polk County, Texas


Trial Cause No. 16,037






OPINION


 A jury found Arthelia Juaniece Burch guilty of murder. The jury found that the
defendant caused the death under the immediate influence of sudden passion arising from
an adequate cause, assessed punishment at ten years of confinement in the Texas
Department of Criminal Justice, Institutional Division, and recommended community
supervision. Burch filed a motion for a free reporter's record with her notice of appeal.
The trial court denied the motion after conducting a hearing. The sole point of error raised
on appeal contends the trial court erred when it failed to grant Burch's motion for a free
reporter's record on appeal. 

 A defendant claiming indigent status on appeal must file a motion and affidavit with
her notice of appeal. Tex. R. App. P. 20.2. The defendant must then prove her indigence
at a hearing. Abdnor v. State, 712 S.W.2d 136, 140-41 (Tex. Crim. App. 1986). Once
a prima facie showing of indigency is made, the defendant is entitled to the requested 
record unless evidence is offered which refutes her claim. Snoke v. State, 780 S.W.2d
210, 213 (Tex. Crim. App. 1989). Considerations in a determination of indigence include
"the defendant's income, source of income, assets, property owned, outstanding
obligations, necessary expenses, the number and ages of dependents, and spousal income
that is available to the defendant." See Tex. Code Crim. Proc. Ann. art. 26.04(m)
(Vernon Supp. 2002) (statute setting procedures for appointing counsel). The court must
consider only the defendant's personal financial conditions, not those of her parents. 
Snoke v. State, 780 S.W.2d at 213. We review the judge's ruling for abuse of discretion
on a case-by-case basis. Newman v. State, 937 S.W.2d 1, 3 (Tex. Crim. App. 1996). 

 Burch's motion for a free reporter's record states that she is unable to pay for or
give security for the reporter's record, but provides no allegations regarding her income,
her expenses, or the cost of the record. The affidavit attached to the motion is signed by
Burch's attorney, and states that the allegations of the motion are true and correct, but does
not provide any financial information. The motion and affidavit were not introduced as
evidence at the hearing. 

 Although the appellant was present at the indigency hearing, she did not testify. 
The sole witness at the hearing was the appellant's mother, Rhonda Kay Burch Henderson.
At the time of the hearing, Burch was serving 180 days in the Regional Intermediate
Sanction Facility as a condition of community supervision. To Henderson's knowledge,
Burch does not own any real property, stocks, or bonds. There is no evidence, other than
the existence of their familial relationship, that Henderson would have any personal
knowledge of Burch's finances. Henderson did testify, however, that Burch does not own
any CD's, bonds, or savings accounts, and testified that Burch is presently unemployed.
She does not have a car. The record would cost three thousand or four thousand dollars. 
Counsel had charged $10,000 to represent Burch at trial, but had accepted $3,400, and was
representing her on appeal for free. Henderson acknowledged that Burch would be
required to get a job while on community supervision, but Burch had not secured future
employment. 

 The record is absolutely silent regarding how much money, in cash or checking
accounts, the appellant controlled or possessed, how much credit she could secure, whether
she was married and had access to her spouse's assets, whether she owned any property
that could be liquidated or used as collateral for the record. Since Burch was unemployed
and did not own a car, it is unlikely that she had access to thousands of dollars to pay the
court reporter. There is, however, absolutely no evidence of her expenses. Absent
evidence of the value of the appellant's assets and the extent of her liabilities and living
expenses, Burch failed to substantiate her claim of indigency. The trial court ruled within
its discretion. The point of error is overruled. The judgment is affirmed.

 AFFIRMED.


 PER CURIAM


Submitted on July 2, 2002

Opinion Delivered July 10, 2002

Do Not Publish 


Before Walker, C.J., Burgess and Gaultney, JJ.